# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANA K. WILLIAMS, et al.,<br><br>    Plaintiffs,<br><br>vs.<br><br>JUDGE EDWARD P. MOFFAT, et al.,<br><br>    Defendants.<br>_____ / | Case No. 1:07-cv-0953-OWW-NEW (TAG)<br><br>ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS<br>(Doc. 2)<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND<br>(Doc. 1) |

On July 2, 2007, Plaintiff Lana K. Williams ("Williams"), a non-prisoner proceeding pro se, filed a civil complaint related to alleged wrongful actions committed by the state court judge and the trustees with respect to the probate of the estate of Williams' father. (Doc. 1). Although the caption of the complaint includes the "Estate of Noble L. Tiller, Deceased," it is unclear from the body of the complaint whether Williams seeks to prosecute this action on her own behalf as an heir of her father's estate, or whether the complaint is intended to include the estate as an additional party. If the latter is the case, the complaint fails to allege that Williams is estate's legal representative, and thus it fails to allege that Williams has standing to pursue claims on behalf of the estate. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rule 72-302.

Williams also filed an application to proceed in forma pauperis ("IFP"). (Doc. 2). The Court finds that Williams' "Application to Proceed without Prepayment of Fees and Affidavit," wherein she reports $828 of monthly Widow's Survivors Benefits and a home valued at $27,600,

1

satisfies the indigency requirements of 28 U.S.C. § 1915(a)(1) and that plaintiff is unable to pay the costs of commencing this action.  See, Pitts v. Delaware, Slip Copy, 2005 WL 1806434 (D. Del. 2005)($600 per month in disability benefits satisfies section 1915(a)); D'Alessandro v. Brann & Isaacson, Slip Copy, 2005 WL 1642582 (D. Del. 2005)($1,250 per month in disability benefits satisfies section 1915(a)); Calhoun v. Health & Human Services, 844 F. Supp. 1338, 1339 (E.D. Wisc. 1994)($316 per month of assistance benefits and food stamps satisfies 28 U.S.C. § 915(a)).

Having concluded that Williams is entitled to proceed in forma pauperis under section 1915(a)(1), this Court must still "screen" the complaint under 28 U.S.C. § 1915(e)(2)(B), which requires the dismissal of a case at any time if the court determines that it (1) "is frivolous or malicious," or (2) "fails to state a claim on which relief may be granted," or (3) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A claim is frivolous if it lacks an arguable basis either in law or fact. Neitzke v. Williams, 490 U.S. 319, 324 (1989).  A frivolous claim is based on an inarguable legal conclusion or a fanciful factual allegation. Id.  A federal court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or if the factual contentions are clearly baseless. Id.  The test for malice is a subjective one that requires the Court to determine whether the applicant is proceeding in good faith. Kinney v. Plymouth Rock Squab. Co., 236 U.S. 43, 46 (1915); see, Wright v. Newsome, 795 F.2d 964, 968 n. 1 (11th Cir. 1986).  A lack of good faith is most commonly found in repetitive suits filed by plaintiffs who have used the advantage of cost-free filing to file a multiplicity of suits. A complaint may be inferred to be malicious if it suggests an intent to vex the defendants or abuse the judicial process by relitigating claims decided in prior cases, Crisafi v. Holland, 655 F.2d 1305, 1309 (D.C.Cir. 1981); if it threatens violence or contains disrespectful references to the Court, id.; or if it contains untrue material allegations of

///

fact or false statements made with knowledge and an intent to deceive the Court, <u>Horsey v. Asher</u>, 741 F.2d 209, 212 (8th Cir. 1984).

Historically, federal courts have lacked authority over probate matters. <u>Marshall v. Marshall</u>, 547 U.S. 293, 126 S.Ct. 1735, 1741 (2006). In <u>Markham v. Cabell</u>, 326 U.S. 404, 494 (1945), the Supreme Court held that the "probate exception reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court." The Court further held that a federal court has jurisdiction over "matters outside those confines and otherwise within federal jurisdiction." <u>Markham</u>, 326 U.S. at 494 (quotations omitted). Thus, when a plaintiff seeks to accomplish the administration of an estate or to probate a will, to achieve a purely probate remedy, or to reach a res in the custody of a state court, a federal court must decline jurisdiction. <u>See</u>, <u>Lefkowitz v. Bank of New York</u>, 2007 WL 1839756, at *2 ((2d Cir. June 28, 2007).

In this case, Williams' complaint consists of four pages and sixteen attachments. (Doc. 1). The complaint itself lists eight problems during the probate proceedings for which Williams seeks relief in federal court. (<u>Id.</u>). The individual claims, for the most part, are set forth in a conclusory manner, and several of them are rambling and unintelligible, rendering it difficult to ascertain to what extent Williams is contesting the distribution of the estate's assets, over which this Court would lack jurisdiction, or other matters, which this Court could consider. <u>Marshall</u>, 126 S.Ct. at 1748. (Doc. 1). Nor is it possible to determine whether the state probate action is final and closed.

The Court finds that the allegations in Williams' complaint are vague and conclusory. The Court has determined that the complaint does not contain a short and plain statement as required by Fed.R.Civ.P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. <u>Jones</u>

v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Williams must allege with at least some degree of particularity overt acts which the defendants engaged in that support her claims. Id. Because Williams has failed to comply with the requirements of Fed.R.Civ.P. 8(a)(2), the complaint must be dismissed. The Court will, however, grant Williams leave to file an amended complaint.

Williams is informed that the Court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See, Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. The application for leave to proceed in forma pauperis (Doc. 2) is GRANTED;

2. The complaint (Doc. 1) is DISMISSED with leave to amend; and

3. Plaintiff Williams is GRANTED thirty (30) days from the date of service of this order to file a first amended complaint that complies with the requirements of the Federal Rules of Civil Procedure and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint." **Failure to comply with this order will result in a recommendation that this action be dismissed.**

IT IS SO ORDERED.

Dated:  **August 3, 2007**            /s/ Theresa A. Goldner
                                      UNITED STATES MAGISTRATE JUDGE