IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LANA K. WILLIAMS,

      Plaintiff,

  vs.

MADERA SUPERIOR COURT JUDGE
EDWARD P. MOFFAT, BRUCE
FRANCES KENNEDY, et al.,

      Defendants.

_____/

Case No. 1:07-cv-0953-OWW-TAG

FINDINGS AND RECOMMENDATIONS
TO DISMISS AMENDED COMPLAINT
WITH PREJUDICE
(Doc. 5).

ORDER DIRECTING THAT
OBJECTIONS BE FILED WITHIN
FIFTEEN DAYS

      Plaintiff Lana K. Williams ("Williams"), a non-prisoner proceeding pro se and in forma pauperis, filed a civil complaint related to alleged wrongful actions committed by the state court judge and others in connection with the probate of her father's estate. (Doc. 1). Pursuant to Court order, Williams filed an amended complaint on September 6, 2007. (Docs. 3, 5).

**1.    Screening.**

      The undersigned has screened Williams's amended complaint, pursuant to 28 U.S.C. § 1915(e)(2)(B), which requires the dismissal of a case at any time if the court determines that it (1) "is frivolous or malicious," or (2) "fails to state a claim on which relief may be granted," or (3) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.§ 1915A(b)(1) and (2); 28 U.S.C. § 1915(e)(2)(B). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F. 2d 1221, 1227-1228 (9th Cir. 1984). A claim should not be dismissed for failure

to state a claim upon which relief may be granted unless it appears beyond doubt that plaintiff can prove no set of facts that would entitle plaintiff to relief on that claim.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Palmer v. Roosevelt Lake Log Owners Ass'n., 651 F.2d 1289, 1294 (9th Cir. 1981).

**2.      Amended Complaint.**

In her amended complaint, Williams alleges that the defendants – the Superior Court judge who handled the probate case,  administrators, trustees, and attorneys  – deprived her of an expected inheritance, including a check in the amount of $490,000, denied her request for an itemized list of the decedent's assets, and did not properly marshal, account for, or distribute the decedent's assets. (Doc. 5, pp. 1-4).  Williams alleges that not all of the estate's assets were probated, and that some of the probate documents include, inter alia, forged deeds.  (Doc. 5, p.2).  Williams also makes additional allegations against the state court probate judge, attorneys, and a Madera County employee. Williams asserts that the judge had a conflict of interest for a variety of reasons, including that he denied her request for an itemized list of the decedent's assets, denied her access to a check, failed to conduct annual court reviews, and failed to conduct proper sales of estate properties. (Id.). Williams alleges that at least one attorney committed legal malpractice. (Doc. 5, pp. 2-3).  Under the heading of "libel," Williams also alleges that a Madera County employee yelled at her when she attempted to pick up her distribution check from the Madera County Controller. (Id.).

**3.      Jurisidiction.**

Federal courts have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. 1331.  Historically, federal courts have lacked authority over probate matters.  Marshall v. Marshall, 547 U.S. 293, 298-299 (2006).  In Marshall, the Supreme Court held that the probate exception to federal jurisdiction "reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state

1   probate court." <u>Marshall</u>, 547 U.S. at 311-312. The Supreme Court further held that the probate

2   exception "does not bar federal courts from adjudicating matters outside those confines and

3   otherwise within federal jurisdiction." <u>Id.</u>  Thus, when a plaintiff seeks to accomplish the

4   administration of a decedent's estate, to probate or annul a will, to achieve a purely probate remedy,

5   or to reach a res in the custody of a state court, a federal court must decline jurisdiction. See

6   <u>Lefkowitz v. Bank of New York</u>, 2007 WL 1839756, at *2 (2d Cir. June 28, 2007).

7        **A. Administration of Decedent's Estate/Judicial Immunity.**

8        Williams's amended claims regarding the decedent's assets seek to unwind the state court's

9   probate orders regarding the administration of the decedent's estate and the distribution of its assets.

10  For example, under the heading of "itemized list," Williams requests "an itemized list and a proper

11  accounting of any deductions in [the state court probate action]." (Doc. 5, p. 1, lines 25-26).  Under

12  the heading of "expected inheritance," Williams alleges that she expected $490,000 in assets, that

13  the decedent owned 12 real properties, that title to at least one of them should have been transferred

14  to her, and that she objected to various real property sales. (Doc. 5, p.3, lines 15-25).   Under the

15  heading of "land disputes," Williams alleges that a property was sold for less than what a beneficiary

16  testified that he could have sold it for, that defendants " used estate money to maintain properties and

17  then sell to their friends and City of Madera," and that a beneficiary and former administrator's

18  attorney was removed for cause when he mishandled and misappropriated estate assets. (Doc. 5, p.

19  3, lines 20-28, p. 4, lines 1-17).   Claims regarding the accounting of estate assets, the manner in

20  which they are marshaled, sold, and ultimately distributed, fall within the ambit of estate

21  administration and are the types of matters that are reserved to the jurisdiction of the state probate

22  court. <u>See</u>  <u>Marshall</u>, 547 U.S. at 311-312; <u>Markham</u> , 326 U.S. at 494.

23       The majority of Williams's amended allegations against defendant Judge Edward P. Moffat

24  are characterized as "conflict of interest" claims; however  the nature of these allegations is an

25  objection to the manner in which the estate was administered and Williams's dissatisfaction with the

26

1   state court's probate orders, including the final order of distribution.  For example, under the heading

2   of "conflict of interest," Williams alleges that the judge denied her an itemized list for distribution,

3   denied her access to a check, accepted only silent bids for properties, sold properties for under

4   market value, and did not account for rental incomes.[1]  Characterizing these allegations as conflict

5   of interest claims does not remove them from the zone of matters involved in the administration of

6   a decedent's estate.  Moreover, judges are immune from civil actions for judicial acts taken within

7   their jurisdiction.  Forrester v. White, 484 U.S. 219, 225 (1988); Imbler v. Pachtamn, 424 U.S. 409,

8   418, 423 n. 12 (1976);  Schucker v. Rockwood, 846 F.2d 1202, 1204 (9th Cir. 1988).  Judicial

9   immunity is a "sweeping form of immunity" that insulates judges from charges of error or

10  irregularity,  even when the judge is accused of acting with malicious or corrupt motives  or of

11  committing grave procedural errors.  Forrester v. White, 484 U.S. at 226-228; Stump v. Sparkman,

12  435 U.S. 349, 359 (1979).

13        **B.  Legal Malpractice Claim.**

14        The amended complaint also includes what appears to be a legal malpractice claim against

15  another attorney involved in the probate case.  Under the heading of "rights to bonds and legal

16  malpractice," Williams alleges that she "has filed on the bond and is also requesting a jury trial to

17  obtain Bruce Frances (sic) Kennedy's legal malpractice insurance." (Doc. 5, p.2, lines 26-26, p. 3,

18  lines 1-2).  The final order of distribution refers to Bruce Francis Kennedy as the attorney for a

19  special administrator of the estate. (Doc. 5, pp. 11, 17).   A legal  malpractice claim is a state law

20  claim.  See Aragon v. Federated Department Stores, Inc., 750 F.2d 1447, 1457-1458 (9th Cir. 1985).

21  Accordingly, the district court lacks original jurisdiction over this claim.  Further, Williams's

22  amended complaint does not allege that she and the defendants are citizens of different states; thus

23  there is no alleged basis for diversity jurisdiction over this claim. 28 U.S.C. § 1332 (district court

24

25        [1]  The amended complaint also alleges without explanation that the state court judge "was
26  directly involved in Williams's mother's missing assets." (Doc. 5, p.2, lines 4-5).

4

has diversity jurisdiction of civil actions when amount in controversy exceeds $75,000 and there is a total diversity of citizenship of the parties).   Finally, the district court lacks supplemental jurisdiction over this claim because there is no federal claim to which it may be appended. 28 U.S.C. § 1367(a) (district court has discretionary supplemental jurisdiction over a state law claim in civil action when it has original jurisdiction and the state law claim forms part of the same case or controversy).

**C. Defamation Claim.**

Williams's amended complaint also contains a claim against a Madera County employee, which it includes under the heading of "libel."  Doc. 5, p. 3, lines 3-19).  Libel is a state law tort claim and a form of defamation.  In California, defamation  is "the intentional publication of a statement of fact that is false, unprivileged, and has a natural tendency to injure or which causes special damage." Smith v. Maldonado, 72 Cal. App. 4th 637, 645 (1999); California Civil Code §§ 44-46.  The amended complaint alleges that Madera County employee Sherri Decker "verbally attacked [Williams] and began yelling and screaming"  at her when she went to pick up her distribution check.  (Doc. 5, p.3, lines 10-17).  It does not allege the substance of any defamatory statement or that it was communicated to a third person.  The Court concludes that the amended complaint fails to allege a cognizable claim for defamation, and that the district court lacks jurisdiction over this claim because there is no federal claim to which it may be appended and no basis for diversity jurisdiction.

**CONCLUSION**

The amended complaint does not allege that the parties are citizens of different states.  Thus, there is no diversity jurisdiction.  28 U.S.C. § 1332.  The amended complaint contains no claims that arise under federal law. 28 U.S.C. 1331.  The amended complaint contains no allegations that justify supplemental jurisdiction over any state law claim. 28 U.S.C. § 1367(a) . Based on the forgoing, the Court concludes that the amended complaint fails to allege a cognizable claim upon which relief may

be granted by the federal court.  Because Williams's claims cannot be amended to allege facts outside of the realm of the administration of the decedent's estate, and because she has twice failed to allege any basis for either federal question or diversity jurisdiction and it appears that granting further leave to amend would be futile, the Court will recommend that the instant case be dismissed with prejudice.

**RECOMMENDATIONS**

Based on the foregoing, IT IS HEREBY RECOMMENDED that:

1.   The amended complaint (Doc. 5) be DISMISSED with prejudice.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within fifteen (15) days after being served with these Findings and Recommendations, Williams may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  Williams is advised that failure to file objections within the specified time may waive the right to appeal the District Judge's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **October 16, 2007**                                        **/s/ Theresa A. Goldner**
                                                                                  UNITED STATES MAGISTRATE JUDGE

6